DANIEL G. BOGDEN
United States Attorney
District of Nevada
TROY K. FLAKE
Assistant United States Attorney
United States Attorney's Office
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: 702-388-6787
Email: *troy.flake@usdoj.gov*

Attorneys for the United States.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COLLEGIUM FUND, LLC, SERIES 5, a Nevada limited liability company, | Case No.: 2:13-cv-01550-GMN-VCF |
| Plaintiff, | |
| v. | |
| WELLS FARGO BANK, N.A. HOUSING AND URBAN DEVLOPMENT; ADELE KADANS; DOROTHY L. KEMP; DONALD R. KEMP; RAFAEL GIRALDO; LEONA MARTIN; and DOES I through X inclusive, | |
| Defendants. | |

**UNITED STATES' MOTION TO VACATE TEMPORARY RESTRAINING ORDER AND OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

COMES NOW the United States of America, acting by and through Secretary Shaun Donovan, Secretary of the United States Department of Housing and Urban Development ("HUD")[1], and hereby move to vacate the temporary restraining order extended by this Court on August 28, 2013 (ECF #6).

---

[1] HUD is an executive department of the United States. *See* 5 U.S.C. § 101. Unincorporated departments and agencies of the United States, such as HUD are not legal entities. Accordingly, these unincorporated departments and agencies cannot sue or be sued, except in the name of their principal officers in their official capacities. *See Fed. Land Bank of Spokane v. Spoor*, 855 F.2d 861, 861 (9th Cir. 1988); *Owyhee Grazing Ass'n. v. Field*, 637 F.2d 695, 697 (9th Cir. 1981). Plaintiff has not named the principal officer, in this case Secretary of the United States Department of Housing and Urban Development, as a Defendant in this suit. Therefore the only proper defendant in a suit against a Federal agency, and its unincorporated administrative components, is the Secretary of that agency; and in this case it is Shaun Donovan.

The United States also hereby opposes Plaintiff's Motion for Preliminary Injunction filed in District Court, Clark County, Nevada, on August 8, 2013. (ECF #1, Ex. B).  This Motion to Vacate and Opposition is supported by the accompanying memorandum of points and authorities.

Respectfully submitted this 3rd day of September, 2013.

DANIEL G. BOGDEN
United States Attorney

 /s/   *Troy K. Flake*
TROY K. FLAKE
Assistant United States Attorney

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This matter involves real properly located at 324 Wild Plum Lane, Las Vegas, Nevada (the "Property").  Plaintiff paid $10,600 for title to the Property at a foreclosure sale conducted pursuant to a Homeowners Association lien. (ECF #1, Ex. B at Ex. 2).  HUD is the beneficiary of a Deed of Trust recorded against the Property securing a promissory note (the "Note") with a balance of $304,418.17. (Ex. A, Statement of Account).  Plaintiff claims that foreclosure of a homeowner's assessment lien (the "Assessment Lien") extinguished HUD's interest in the Property.  On August 6, 2013, Plaintiff filed an action in the District Court, Clark County, Nevada, seeking quiet title to the Property and to obtain equitable relief.

Plaintiff moves for an injunction to prevent HUD from continuing the foreclosure process.  On August 8, 2013, Plaintiff filed an *Ex Parte* Application for Temporary Restraining Order and Motion for Preliminary Injunction (ECF #1, Ex. B) to prevent HUD from proceeding with a sale it noticed for August 13, 2013.  Judge Gloria Sturman of the Eighth Judicial District Court granted Plaintiff's *Ex Parte* Application for Temporary Restraining Order on August 9, 2013, and restrained HUD from continuing the foreclosure process for 15 days.

. . .

. . .

On August 27, 2013, HUD removed this action to federal court (ECF #1).  The Court issued an Order (ECF #6) on August 28, 2013, extending the temporary restraining order issued by Judge Sturman for an additional 14 days.

HUD respectfully moves that the temporary restraining order be vacated and the Motion for Preliminary Injunction be denied.  The allegations of Plaintiff's Complaint do not support the injunctive relief it requests.  Plaintiff is unlikely to succeed on the merits because its claim to the Property is based on an interpretation of NRS 116.3116 that has been repeatedly raised by similar plaintiffs, and rejected by Nevada's state and federal courts.  Plaintiff has failed to show any immediate and irreparable harm that would result from foreclosure on HUD's Deed of Trust.  The balance of equities does not weigh in favor of Plaintiff, and in fact weighs in favor of HUD because Plaintiff's actions have impeded HUD's right to foreclose on the Deed of Trust.  Finally, the public interest does not favor issuing an injunction that ties up agency resources in baseless litigation and impedes HUD's mission to provide quality affordable housing to the public.

## II.     BACKGROUND

Defendant Kadans took title to the Property in March of 1996. (ECF #1, Ex. B at Ex. 3). In January 2005, Kadans executed a Deed of Trust in favor of Wells Fargo as security for a Note in the amount of $400,500.  (ECF #1, Ex. B at Ex. 4).  The Deed of Trust was insured by HUD.  (ECF #1, Ex. B at Ex. 6).  On September 3, 2008, Wells Fargo caused to be recorded an assignment of the Deed of Trust to HUD.  (ECF #1, Ex. B at Ex. 5). On June 18, 2013, HUD, acting through Cimarron Service Corp., caused to be recorded a Notice of Default and Foreclosure sale, setting a date of August 13, 2013.  (ECF #1, Ex. B at Ex. 6).

On October 17, 2012, Promenade at the Meadows (the "HOA"), through its agent Nevada Association Services, caused to be recorded a Notice of Delinquent Assessment Lien on the Property for $2,693.60.  (ECF #1, Ex. B at Ex. 8).  On December 21, 2012, the HOA caused to be recorded a Notice of Default and Election to Sell listing a delinquency of $3,922.60.  (ECF #1, Ex. B at Ex. 9).  On June 17, 2013, the HOA's agent caused to be recorded a notice of foreclosure asserting a delinquency of

$6039.70 and setting a sale for July 12, 2013.  (ECF #1, Ex. B at Ex. 10).  HUD asserts that neither it nor its contractor received any of these notices and Plaintiff has provided no indication that HUD had notice of the foreclosure sale.  On July 12, 2013, the Property was sold to Plaintiff for $10,600.  (ECF #1, Ex. B at Ex. 2).  At this time the balance on the Note owed to HUD is $304,418.17.  (*See* Ex. A).

**III. LEGAL STANDARD**

As this Court is well aware, temporary restraining orders and preliminary injunctions are extraordinary remedies issued at a court's discretion "and [are] appropriate only 'when there is a compelling need.'"  *Natural Res. Def. Council, Inc. v. U.S. EPA*, 966 F.2d 1292, 1300 (9th Cir. 1992); *Niu v. United States*, 821 F. Supp.2d 1164 (C.D. Cal. 2011).  Generally, temporary restraining orders and preliminary injunctions are governed by the same standards.  *Lockheed Missile & Space Co. v. Hughes Aircraft Co. Inc.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  *See also, Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008) (describing factors in context of preliminary injunction).  A party that seeks a preliminary injunction must show that (1) the party is likely to succeed on the merits; (2) the party is likely to suffer irreparable harm; (3) the balance of equities tips in the party's favor; and (4) an injunction is in the public's interest.  *Winter*, 555 U.S. at 20; *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).  If the party requesting the preliminary injunction fails to meet its burden of proof on these requirements, its request is to be denied.  *Winter*, 555 U.S. at 20 (stating plaintiff "must establish" all four elements).  The Ninth Circuit has held that, in some circumstances, an injunction may be appropriate if an appellant shows "serious questions" on the merits, but only if it has carried its burden on the three other factors and the balance of equities "tips sharply" in its favor.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (quotation, citation omitted).  Under either standard, a party seeking a temporary restraining order must also show that the alleged irreparable injury is "immediate" or "irreparable."  Fed. R. Civ. P. 65(b).

. . .

. . .

. . .

## IV. ARGUMENT

### A. PLAINTIFF HAS NOT SHOWN ANY LIKELIHOOD OF SUCCESS ON THE MERITS

1. <u>Foreclosure of an assessment lien created by NRS 116.3116 does not extinguish HUD's Deed of Trust.</u>

Nevada has enacted a statutory scheme that gives HOAs "immediate liens against real property when HOA assessments or other costs against a unit become delinquent." *Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC*, No. 2:13–CV–00164–RCJ, 2013 WL 2460452 at *3 (D. Nev. June 6, 2013), *reconsideration denied* 2013 WL 3943915 (D. Nev. July 8, 2013). NRS 116.3116 provides that an HOA lien is prior to all other liens and encumbrances. However, the statute carves out an important exception to the HOA lien's priority for "a first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent...." NRS 116.3116(2)(b).

The exception in subpart (2)(b), preserving the priority of the first security interest, has one caveat: the HOA assessment lien has limited super priority over first security interest "to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien...."[2] NRS 116.3116(2)(c). Accordingly, the statute "creates a limited super priority lien for 9 months of HOA assessments leading up to the foreclosure of the first mortgage, but it does not eliminate the first security interest." *Diakonos Holdings, LLC v. Countrywide Home Loans, Inc.*, No. 2:12-CV-00949-KJD, 2013 WL 531092 (D. Nev. Feb. 11, 2013). Put simply, "the plain and clear meaning of [NRS 116.3116] is that it affords an HOA a super priority lien of nine months of delinquent assessments, but nothing more than that." *Premier One Holdings, Inc. v. BAC Home Loans Servicing LP*, 2:13-CV-895-JCM, 2013 WL 4048573 *3 (D. Nev. Aug. 9, 2013).

---

[2] Section 116.310312 concerns HOA fines and costs imposed when an HOA must maintain the exterior of a unit in accordance with the CC & R or remove or abate a public nuisance on the exterior of the unit where the unit owner has failed to do so. *See id.* § 116.310312(2). Section 116.3115 governs regular HOA dues. *See id.* § 116.3115.

      2. <u>Plaintiff fails to demonstrate likelihood of success on the merits because Nevada courts have repeatedly held that foreclosure of an assessment lien does not extinguish the first security interest.</u>

Plaintiff's claim to quiet title and other relief is entirely dependent on its assertion that HUD's Deed of Trust was extinguished when the HOA foreclosed on its Assessment Lien.  However, "[e]very federal court in this district to decide this issue has held that an HOA's super priority lien does not extinguish a first position deed of trust." *Premier One Holdings, Inc.,* 2013 WL 4048573 at *3; *citing Diakonos Holdings,* 2013 WL 531092; *Bayview Loan Servicing*, 2013 WL 2460452; *Weeping Hollow Ave. Trust v. Spencer*, No. 2:13–CV–00544–JCM, 2013 WL 2296313 (D. Nev. May 24, 2013); *Kal–Mor–USA, LLC v. Bank of America, N.A.*, No. 2:13–CV–0680–LDG, 2013 WL 3729849 (D. Nev. July 8, 2013)(denying preliminary injunction and granting dismissal and summary judgment); *First 100, LLC v. Wells Fargo Bank, N.A.*, No. 2:13–CV–431–JCM, ECF 29 (D. Nev April 30, 2013)(denying motion for temporary restraining order); but see *SFR Investments Pool 1, LLC v. Wells Fargo Bank, N.A.*, No. 2:13–CV–01153–APG, ECF 32 (D. Nev. July 25, 2013) (granting injunctive relief in favor of the HOA).

The opinion in *Premier One Holdings* is typical of these decisions.  In that case the defendant held a deed of trust securing a delinquent note for $305,000.  Plaintiff bought the property at an HOA foreclosure sale for $13,700 and sued to quiet title in its favor.  Plaintiff asserted that NRS 116.3116 operated to extinguish defendant's deed of trust.  Judge James C. Mahan held that "the plain and clear meaning of the statute is that it affords an HOA a super priority lien of nine months of delinquent assessments, but nothing more than that." *Premier One Holdings,* 2013 WL 4048573 at *3.  The court further held that "to construe NRS 116.3116 to permit an HOA foreclosure to extinguish a first position deed of trust would be an absurd result."  *Id*. at *4.  The court noted that such an interpretation is impractical and potentially violative of due process because an HOA assessment is usually a small amount compared to the note and usually arises long after the note is recorded.  *Id*.  Judge Mahan also noted that such an interpretation would unjustly favor the party with the least risk, would pressure banks to foreclose at the first sign of distress, and could ultimately lead to a serious reduction in lending.  *Id*. . . .

Nevada's federal courts are not alone in rejecting Plaintiff's unsupported argument. *Id.* at *3 ("most state courts have agreed with the interpretation of the federal courts"); *see, e.g.*, *Oliver Sage Drive Trust v. BAC Home Loan Servicing LP*, No. A-13-674872-C (Mar. 28, 2013) (holding that buyer at a foreclosure for delinquent common homeowners association assessments purchases a possessory right to the property subject to a first security interest) (Exhibit B); Order Denying Motion for Preliminary Injunction and Granting Counter-Motion to Dismiss, *SFR Investments Pool 1, LLC v. US Bank, N.A.*, No. A-12-673671-C (Mar. 22, 2013) (noting that both state and federal constitutional due process guarantees offended if first security interest may be voided by nonjudicial foreclosure for an assessment lien and holding that only a judicial foreclosure may extinguish a first security interest) (Exhibit C); *SFR Investments Pool1, LLC v. First Horizon Home Loans*, No. A-13-674958-C (May 15, 2013) (denying SFR Investment's motion for a preliminary injunction on arguments concerning extinguishing first deed of trust security interest at association foreclosure sale for delinquent common assessments) (Exhibit D); *French v. Sweetwater Homeowners Association, Inc., SFR Investments Pool 1, LLC, et al.*, No. A-12-667931-C (Apr. 26, 2013) (granting motion to dismiss SFR Investment's crosscomplaint and holding judicial foreclosure necessary to extinguish a first deed of trust at a foreclosure sale for delinquent common homeowners association assessments) (Exhibit E).  HUD is unaware of any case where a court has quieted title in favor of a party based on an assertion that an NRS 116.3116 assessment lien extinguished a prior recorded deed of trust, although some judges in state court have granted preliminary injunctions or refused to dismiss quiet title actions based on this claim. *See, e.g., First 100, LLC, v. Burns,* No. A-13-677693-C (May 31, 2013) (denying motion to dismiss) (Exhibit F); *Premier One Holdings,* 2013 WL 4048573 at *3 (acknowledging contrary state court opinions).

    Plaintiff's Motion does not cite a single case interpreting NRS 116.3116.  Instead Plaintiff relies on its own interpretation of the statute itself to support its argument.  Plaintiff acknowledges the exception to the priority of an assessment lien for first security interest as reflected in subpart (2)(b). However, Plaintiff argues that the caveat to the exception -- the super priority lien for nine months of

7

delinquent assessments provided in subparagraph 2(c) -- operates to extinguish the first security interest protected by the original exception.  This is the same argument that has repeatedly been discredited by Nevada courts.  *See Bayview Loan Servicing,* 2013 WL 2460452 at *5 (allowing super priority exception to extinguish lien would render first security interest exception meaningless).  Accordingly, Plaintiff cannot show likelihood of success on the merits.

> 3. <u>Plaintiff is unlikely to prevail on the merits because it cannot plead that the assessment lien was recorded after the Deed of Trust.</u>

This Court has held that a plaintiff seeking to quiet title obtained through foreclosure of an HOA assessment lien must allege that the assessment lien chronologically precedes the deed of trust. *Centeno v. Mortg. Elec. Registration Sys.*, No. 2:11–CV–02105–GMN, 2012 WL 3730528 at *3 (D. Nev. Aug. 28, 2012) (dismissing claim that an "'HOA Trustee Sale' occurred 'in favor of plaintiff,' which 'has cancelled or wiped out'" a defendant's Deed of Trust); *see also, Kal-Mor-USA, LLC,* 2013 WL 3729849 (HOA foreclosure did not extinguish first security interest because deed of trust was recorded almost seven years prior to NRS 116.3116 assessment lien).  Without an allegation that the assessment lien predates the deed of trust, a plaintiff cannot state a claim for quiet title because NRS 116.3116(2)(b) expressly says that an assessment lien recorded by an HOA subsequent in time to the deed of trust only creates a super priority lien for nine months of assessments.  NRS 116.3116(2)(3).  *Id. citing Centeno,* 2012 WL 3730528 at *3; *see also Weeping Hollow Ave.,* 2013 WL 2296313 at *5 (denying motion for temporary restraining order and dismissing quiet title claim because Plaintiff could not allege in good faith that assessment lien predated deed of trust).

The Assessment Lien on the Property was recorded in October 2012, more than seven years after HUD's Deed of Trust was recorded.  Plaintiff cannot allege in good faith that the Assessment Lien on the Property predates the Deed of Trust.   Plaintiff's claim to quiet title not only lacks probable success, but does not even meet the standard of plausible pleading.  *Centeno,* 2012 WL 3730528 at *3; s*ee also Zamani v. Carnes*, 491 F.3d 990, 996 (9th Cir. 2007) (a claim may survive a Rule 12(b)(6) even where it does not demonstrate a likelihood of success on the merits).

4. <u>Plaintiff's citation to an opinion by the Real Estate Division does not demonstrate a likelihood of success on the merits.</u>

In December 2012, the Nevada Department of Business and Industry, Real Estate Division, issued an opinion (the "Opinion") which provides advisory guidance to certain aspects of NRS 116.3116. *See* Dep't of Business and Indus., Real Estate Div., Adv. Op. No. 13–01 (Dec. 12, 2012). (ECF #1, Ex. B at Ex. 11). The Opinion states that it is "not a rule, regulation, or final legal determination" and was issued to provide guidance on three questions about the statute, none of which required a determination of whether foreclosure on the assessment lien extinguishes the first priority lien. *Id.* The Opinion cites the Comments to the Uniform Common Interest Ownership Act[3] ("UCIOA") and states that: "An association can foreclose on its super priority lien and the first security interest will either pay the super priority lien amount or lose its security." *Id.*

In *Bayview Loan Services,* Judge Robert C. Jones considered whether the Opinion supported an argument that foreclosure of an assessment lien extinguishes a first security interest and found it "unpersuasive." *Bayview Loan Services*, 2013 WL 3943915 at * 5. Judge Jones noted that determining the effect of foreclosure of an assessment lien was far outside the scope of the questions undertaken by the Opinion. He further noted that the UCIOA commentary cited by the Opinion in support of its statement "says nothing of extinguishment" and instead could refer to "a first mortgagee's practical desire to avoid an HOA foreclosure" which "does not necessarily imply that the first mortgagee thinks its security would be lost thereby."[4] *Id.* Accordingly, the Opinion does not aid Plaintiff in meeting its burden to show likelihood of success on the merits.

5. <u>The inaction of the Nevada legislature does not demonstrate a likelihood of success on the merits.</u>

In the 2013 session, the Nevada Legislature considered changes to NRS 116.3116. The Legislature considered amending NRS 116.3116 to state: "foreclosure by the sale of the association's

---

[3] The language of NRS 116.3116 is based on the language of UCIOA 3-116.

[4] Plaintiff has also provided a letter from one of the drafters of the UCIOA (ECF #1, Ex. B at Ex. 13) which opines that Nevada law operates to extinguish the first security interest. This letter, which Judge Jones also considered, is unpersuasive for the same reason.

lien does not extinguish the rights of the holder of the first security interest". (ECF #1, Ex. B at Ex. 14). It also considered amending the statute to state that a "super-priority lien extinguishes the first security interest, unless, before the sale, the holder of the first security interest pays to the association or its agent the amount of the super-priority lien." 2013 Nev. AB 98, Prop. Am. 8897, 77th Reg. Session (2013), § 15. Ultimately, the Legislature left the super priority language of the statute unchanged.[5] *See Bayview Loan Servicing,* 2013 WL 3943915 (denying reconsideration because "the 2013 Legislature's choice to reject an amendment to a 1991 statute tells us nothing of the 1991 Legislature's intent in passing the statute").

Plaintiff argues that the Legislature agrees with its position because lawmakers considered, but ultimately rejected, amending NRS 116.3116 to expressly state that foreclosure of an assessment lien does not extinguish the deed of trust. Yet Plaintiff's reasoning also supports HUD's argument since lawmakers considered and rejected a proposed change that would extinguish the first security interest upon foreclosure of the assessment lien. If inaction by the Legislature can demonstrate anything, it is that the legislature is satisfied with the super priority language of NRS 116.3116 and the numerous cases interpreting it to preserve the first security interest.

### B.   PLAINTIFF WILL NOT BE IRREPAIRABLY HARMED IF HUD FORECLOSES

An injunction should be issued only where a plaintiff makes a "clear showing" and presents "substantial proof" that an injunction is warranted, *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*), and does "more than merely allege imminent harm sufficient to establish standing," *Associated Gen. Contractors v. Coal. for Econ. Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991); *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1171 n.6 (9th Cir. 2011). The plaintiff is under the obligation to show that "irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original).

Plaintiff, a corporation, paid $10,600 for its title to the Property. (ECF #1, Ex. B at Ex. 2) There is no indication that Plaintiff collects rent from the Property or that it maintains the Property as anything

---

[5] The Governor signed Assembly Bill 280, which adds a provision to NRS 116.3116 allowing holders of the first security interest to establish an escrow account for assessments. This change has no bearing on this case. *Bayview Loan Servicing*, 2013 WL 3943915 at *3 (change had no bearing on extinguishment issue).

other than an asset. Plaintiff merely speculates that a foreclosure sale will interfere with its rights to the Property without providing any specific indication of what harm will occur. Instead, Plaintiff argues that that foreclosure on the Deed of Trust will "subject Plaintiff to additional legal proceedings" and "severely limit the marketability of Plaintiff's title." To the extent that this constitutes harm, an injunction will not provide relief since Plaintiff has recorded a notice of *lis pendens* which clouds the title and Plaintiff is already engaged in litigation. At most, Plaintiff may be required to add or substitute a party to its quiet title action after the foreclosure.

A reasonably prudent purchaser in Plaintiff's shoes would be aware that the Deed of Trust continues to encumber the Property and that foreclosure on the Deed of Trust giving rise to a competing claim was likely. This is reflected in the deeply discounted price paid by Plaintiff for the Property. Plaintiff fails to meet its burden to show that it will be irreparably harmed if HUD proceeds with foreclosure.

### C. THE BALANCE OF EQUITIES TIPS DECIDEDLY IN FAVOR OF DEFENDANTS; ISSUANCE OF AN INJUNCTION WOULD HARM THE PUBLIC INTEREST

The Supreme Court has explained that "courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (citation omitted). The public interest standard is a separate consideration in determining whether to grant equitable relief. *Amoco Prod. Co. v. Village of Gambell,* 480 U.S. 531, 545 (1987). When injunctive relief would harm the public interest, the Court may withhold the relief, even if doing so would burden or cause irreparable injury to the movant. *Weinberger*, 456 U.S. at 312-13; *Yakus v. United States*, 321 U.S. 414, 440 (1944).

HUD is a government agency tasked with creating "strong, sustainable, inclusive communities and quality affordable homes for all." *See* HUD Mission, http://portal.hud.gov/hudportal/HUD?src=/about/mission (last visited Aug. 29, 2013). As part of carrying out its mission, HUD has provided financing for the Property. HUD is now owed $304,418.17 on the Note. Plaintiff, who paid only $10,600 for its interest in the Property, is preventing HUD from exercising its valid, established right to

foreclose on its Deed of Trust. Plaintiff seeks to impede HUD's rights without citing a single case in support of its contention, and by relying on an interpretation of NRS 116.3116 that has been repeatedly rejected. Neither equity nor the public interest favor aiding Plaintiff by issuing an injunction that would reduce HUD's ability to assist members of the public by tying up HUD's resources in meritless litigation. Accordingly, the balance of equities tips in favor of HUD and the public interest would not be served by issuing an injunction.

### D. IF THE COURT ISSUES AN INJUNCTION, IT SHOULD REQUIRE PLAINTIFF TO POST A SUBSTANTIAL BOND

If the Court issues an injunction, HUD will be unable to foreclose on the Property to recoup the amount it is owed until this litigation is resolved. HUD's interest in the property amounts to $304,418.17. Plaintiff obtained its title for $10,600. Further, Plaintiff currently has possession of the Property and may attempt to rent it or alter it in a manner adverse to HUD's interest. Given the disparity of the interest at stake, HUD respectfully requests that if the Court issues a preliminary injunction, Plaintiff be required to post a substantial bond which will compensate HUD for the delay in foreclosing on the Property and any other potential damages. HUD respectfully suggests that ten percent of the delinquent amount, or $30,400 would be an adequate bond.

### V. CONCLUSION

For the reasons argued above, the temporary restraining order should be vacated and the Motion for Preliminary Injunction denied.

Respectfully submitted this 3rd day of September, 2013.

DANIEL G. BOGDEN
United States Attorney

 */s/ Troy K. Flake*
TROY K. FLAKE
Assistant United States Attorney

**PROOF OF SERVICE**

I, Troy K. Flake, certify that the following individuals were served with copies of **DEFENDANTS' MOTION TO VACATE TEMPORARY RESTRAINING ORDER AND OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION** on September 3, 2013, by the below identified method of service:

<u>U.S. Mail:</u>

Aaron R. Dean, Esq.
THE DEAN LEGAL GROUP, LTD.
612 S. 10th Street
Las Vegas, NV 89101

                                            */s/ Troy K. Flake*
                                            TROY K. FLAKE
                                            Assistant United States Attorney