UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COLLEGIUM FUND, LLC, SERIES 5, a Nevada limited liability company,<br><br>　　　　　　　Plaintiff,<br>　　　vs.<br><br>WELLS FARGO BANK, N.A., HOUSING AND URBAN DEVELOPMENT; ADELE KADANS; DOROTHY L. KEMP; DONALD R. KEMP; RAFAEL GIRALDO; LEONA MARTIN; and DOES 1 through X inclusive,<br><br>　　　　　　　Defendants. | Case No.: 2:13-cv-01550-GMN-VCF<br><br>ORDER |

Pending before the Court is the Motion for Preliminary Injunction filed by Plaintiff Collegium, LLC in state court. (Notice of Removal Ex. A at 16-19, ECF No. 1-2.)

I.　**BACKGROUND**

Plaintiff alleges that it is a Nevada limited liability company organized under the laws of the State of Nevada. (Notice of Removal Ex. A ("Compl.") ¶ 2, ECF No. 1-2.) Plaintiff further alleges that it is the current owner of that certain real property located at 324 Wild Plum Ln., Las Vegas, Nevada 89107" and that Plaintiff "t[ook] to title of the Property by way of foreclosure sale based on a homeowners association lien recorded against the Property." (*Id.* at ¶¶ 1, 9.)

Thereafter, on August 6, 2013, Plaintiff filed an action in state court alleging two causes of action: (1) Quiet Title as to All Defendants; (2) Declaratory Relief; (3) Unjust Enrichment; and (4) Injunctive Relief. (*Id.* ¶¶ 29-71.) The state court granted Plaintiff's request for a Temporary Restraining Order and set the matter for a hearing on the Motion for Preliminary Injunction to be held on August 28, 2013. (Notice of Removal Ex. A at 16-19, ECF No. 1-2.)

However, prior to that date, on August 27, 2013, the case was removed to this Court. (Notice of Removal, ECF No. 1.)

In its Motion for Preliminary Injunction, Plaintiff requests an injunction prohibiting "the continuation of the foreclosure proceeding being conducted by the HUD Defendant against the Property. . . . and issue a preliminary injunction enjoining the continuation of the foreclosure sales during the pendency of this action." (Notice of Removal, Ex. B at 19, ECF No. 1-3.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders.  A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.

The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

"In deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l. Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

## III.  DISCUSSION

Here, the Court finds that Plaintiff has failed to carry its burden of establishing any likelihood of success on the merits.

Plaintiff argues that it can succeed in its claim for quiet title apparently based on an argument that it is now the rightful owner of the property as a result of a Foreclosure Deed that was prepared and executed on or about July 19, 2013.  (Notice of Removal Ex. B at Ex. 2, ECF No. 1-3; *see also* Notice of Removal Ex. A ("Compl."), ECF No. 1-2.)  Plaintiff's Complaint further alleges that it "is the owner of the Property; taking to title of the Property by way of foreclosure sale based on a homeowners association lien recorded against the Property." (Compl. ¶ 9, ECF No. 1-2.)  However, the Foreclosure Deed does not describe such a purchase. Instead, the Foreclosure Deed describes the relationship of Nevada Association Services, Inc., as agent for Promenade at the Meadows Owners' Association, and the conveyance, "pursuant to NRS 116.31162, 116.31164, all its right, title and interest in and to [the property commonly known as 324 Wild Plum Ln., Las Vegas, Nevada 89107]." (Notice of Removal Ex. B at Ex. 2, ECF No. 1-3.)

Furthermore, the Court finds no legal basis in Plaintiff's pleading, briefing on the motion, exhibits, or in case law, to support Plaintiff's argument that it is entitled to a declaration from this Court quieting title in its name.  Plaintiff's arguments and citations to statutes and case law addressing prioritization of liens and recent Nevada legislation relating to section 116.31162 of Nevada Revised Statutes are unavailing and do not support its requested relief, particularly where the language of the Foreclosure Deed (Notice of Removal Ex. B at Ex. 2, ECF No. 1-3) itself describes a wholly distinct type of property transfer from one that would give Plaintiff legal title to the property, free and clear of all encumbrances.

Accordingly, because the Court finds that Plaintiff has not met its burden to show a likelihood of success on the merits or even serious questions going to the merits, the motion must be denied, and the Court need not address the remaining factors.

CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction (Notice

of Removal Ex. A at 16-19, ECF No. 1-2.) is **DENIED**.

     **IT IS FURTHER ORDERED** that, to the extent it is still in effect, the Court hereby **DISSOLVES** the **Temporary Restraining Order**.  Accordingly, the Motion to Vacate (ECF No. 7) is hereby **DENIED as moot**.

     **DATED** this 10th day of September, 2013.

_____
Gloria M. Navarro
United States District Judge