AARON R. DEAN, ESQ.
THE DEAN LEGAL GROUP, LTD
Nevada Bar #9541
612 S. 10th Street
Las Vegas, Nevada 89101
Tele: (702) 823-1354
Fax:  (702) 823-2368
E-mail: adean@deanlegalgroup.com

Attorney for *Collegium Fund, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| COLLEGIUM FUND, LLC, SERIES 5, a Nevada limited liability company,<br><br>            Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, NA; SHAUN DONOVAN, SECRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; ADELE KADANS; DOROTHY L. KEMP; DONALD R. KEMP; RAFAEL GIRALDO; LEONA MARTIN; AND DOES I THROUGH X, INCLUSIVE,<br><br>            Defendants. | Case No.:  2:13-cv-01550-GMN-VCF |

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff, COLLEGIUM FUND, LLC, SERIES 5, by and through its attorneys with THE DEAN LEGAL GROUP, LTD., submits its First Amended Complaint and alleges and complains against the Defendants' the following in support of its claims.

## GENERAL ALLEGATIONS

1.      Plaintiff, COLLEGIUM FUND, LLC, SERIES 5, ("CFLLC" or "Plaintiff") is a Nevada limited liability company, duly licensed and authorized to conduct business in the state of Nevada and is the current owner of that certain real property located at 324 Wild Plum Lane, Las Vegas, Nevada 89107; further described as APN 138-36-610-025 ("Property").

2. Upon information and belief, WELLS FARGO BANK, NA ("WFB") is a lending institution operating in Nevada and may claim an interest in the Property by way of a second deed of trust recorded against the Property on or about January 1, 2005.

3. Upon information and belief, Shaun Donovan, is the Secretary of the United States Department of Housing and Urban Development ("HUD") which is a governmental agency that may claim an interest in the Property by way of an assignment of deed of trust record on September 3, 2008, purporting to assign WFB's beneficial interest in a first deed of trust, which WFB recorded against the Property on or about January 1, 2005.

4. Upon information and belief, Defendant ADELE KADANS ("KADANS"), is a Nevada resident or has committed sufficient acts or consummated some transaction with the forum by which she purposefully availed herself of the privilege of conducting activities within the forum, thereby making exercise of jurisdiction over said Defendant just and proper.

5. Upon information and belief, Defendants DOROTHY L. KEMP and DONALD R. KEMP ("KEMPS"), are Nevada residents or have committed sufficient acts or consummated some transaction with the forum by which they purposefully availed themselves of the privilege of conducting activities within the forum, thereby making exercise of jurisdiction over said Defendants just and proper.

6. Upon information and belief, Defendant RAFAEL GIRALDO ("GIRALDO"), is a Nevada resident or has committed sufficient acts or consummated some transaction with the forum by which he purposefully availed himself of the privilege of conducting activities within the forum, thereby making exercise of jurisdiction over said Defendant just and proper.

7. Upon information and belief, Defendant LEONA MARTIN ("MARTIN"), is a Nevada resident or has committed sufficient acts or consummated some transaction with the

forum by which she purposefully availed herself of the privilege of conducting activities within the forum, thereby making exercise of jurisdiction over said Defendant just and proper.

8. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES I through X are unknown to Plaintiff, who therefore, sue said Defendants by such fictitious names; Plaintiff is informed and believes and therein alleges, that each of the Defendants designated herein as DOE is responsible in some manner for the events and happenings referred to, and proximately caused damages to Plaintiff, and Plaintiff will ask leave of the Court to amend the Complaint to insert the true names and capacities of DOES 1 through 10, inclusive, when the same have been ascertained, and to join such Defendants in this action.

9. That Plaintiff is the owner of the Property; taking to title of the Property by way of foreclosure sale based on a homeowners association lien recorded against the Property, as set forth in greater detail herein.

10. That the sale of the Property by the HOA was preformed pursuant to NRS 116.31162, 116.31163 and 116.31164 and the deed resulting therefrom vested Plaintiff the title of the unit's owner without equity or right of redemption as set forth in NRS 116.31166(3).

11. That upon information and belief, the Property was previously owned by Defendant KADANS.

12. That the KEMPS may claim an interest in the Property by way of a document titled "Quitclaim Deed Effective Upon Death of Grantor" executed by KADANS on March 17, 2005, and recorded in the office of the Clark County Recorder on or about March 31, 2005.

13. That GIRALDO may claim an interest in the Property by way of a document titled "Beneficiary Deed" (Pursuant to NRS 111.109)" executed by KADANS on September 14, 2010, and recorded in the office of the Clark County Recorder on or about September 14, 2010.

14. That MARTIN may claim an interest in the Property by way of a document titled "Beneficiary Deed" (Pursuant to NRS 111.109)" executed by KADANS on October 18, 2010, and recorded in the office of the Clark County Recorder on or about October 18, 2010.

15. That upon information and belief, the Property is located in the Promenade at the Meadows Community; which is governed Covenants Conditions & Restrictions as well as by a Home Owners Association ("HOA").

16. That upon information and belief, KADANS, as the record owner of the Property was required to make monthly payments and/or assessments to the HOA.

17. That upon information and belief, KADANS neglected, failed and/or refused to pay the monthly payments and/or assessments to the HOA.

18. That upon information and belief, based on the failure to pay the monthly payments and/or assessments, on or about October 17, 2012, the HOA recorded a Notice of Delinquent Assessment Lien against the Property in the Clark County Recorder's Office in accordance with NRS Chapter 116 ("HOA Lien").

19. That on or about December 21, 2012, the HOA caused to be recorded a Notice of Default and Election to Sell based on the HOA Lien in the Clark County Recorder's Office.

20. That on or about June 17, 2013, the HOA caused to be recorded a Notice of Sale of the Property in the Clark County Recorder's Office.

21. Upon information and belief, no individual or entity, including the Defendants herein, paid the amount of delinquent assessments and reasonable collection costs set forth in the HOA Lien prior to the HOA foreclosure sale.

22. That on or about July 12, 2013, the HOA foreclosed on its lien and sold the Property at a HOA Lien foreclosure sale in accordance with NRS 116.3116 through 116.31168, inclusive.

23. That upon information and belief, the sale was conducted by Nevada Association Services, Inc., as agent for the HOA.

24. That on the date the HOA Lien foreclosure sale was held Plaintiff was among multiple bidders to attend and bid at the sale.

25. That Plaintiff was the highest and successful bidder at the HOA Lien foreclosure sale.

26. That in being the highest and successful bidder at the HOA Lien foreclosure sale, Plaintiff paid good and valuable consideration at the conclusion of the sale.

27. That upon information and belief, the successful bid on the Property by Plaintiff was in excess of the HOA Lien and therefore satisfied the HOA Lien.

28. That after the conclusion of the foreclosure sale, and on or about July 19, 2013, a Foreclosure Deed was prepared and executed by Nevada Association Services, Inc., as agent for the HOA, transferring title to the Property to the Plaintiff.

29. The Foreclosure Deed transferring title to Plaintiff has, or soon will be, recorded in the Clark County Recorder's Office; vesting title to the Property in Plaintiff's name.

## FIRST CAUSE OF ACTION
### (Declaratory Relief: Quiet Title)

30. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

31. This Court is authorized to grant declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, implemented through Rule 57 of the Federal Rules of Civil Procedure.

32. That the interests of Plaintiff and Defendants are adverse regarding the justifiable controversy outlined above, as each has asserted competing interests regarding the ownership

rights and beneficial interests, if any, in the Property, as well as the attendant rights and duties arising therefrom.

33.  That the legal issues between the parties are ripe for judicial determination because, *inter alia*, it presents an existing controversy as to the rights and obligations of the parties' *vis-à-vis* the ownership interests and priority interests of the Plaintiff and Defendants recorded against the Property, as well as the attendant rights and duties arising therefrom.

34.  That pursuant to NRS 116.3116(2), the HOA Lien is prior in time to all other liens and encumbrances of record except:

> (a) Liens and encumbrances recorded before the recordation of the declaration and, in a cooperative, liens and encumbrances which the association creates, assumes or takes subject to;
> (b) A first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent or, in a cooperative, the first security interest encumbering only the unit's owner's interest and perfected before the date on which the assessment sought to be enforced became delinquent; and
> (c) Liens for real estate taxes and other governmental assessments or charges against the unit or cooperative.

35.  Upon information and belief, the Defendants named herein do not assert an interest, ownership or otherwise, in the Property which was recorded prior to the declaration creating the HOA.

36.  Upon information and belief, Defendants named herein do not assert liens for real estate taxes or other governmental assessments or charges against the Property.

37.  That upon information and belief, Defendants named herein, may claim an interest of the Property by way of security interest, including a first security interest or other ownership interest.

///

///

///

38. NRS 116.3116(2) further provides that a portion of the HOA Lien has priority over and is prior in time to a first security interest in the Property:

> to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien[.]

39. Upon information and belief, the HOA Lien included assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which were due in the absence of acceleration during the 9 months immediately preceding the HOA's institution of the HOA Lien foreclosure action; giving the HOA Lien super-priority over the interests of Defendants herein.

40. Upon information and belief, at no time prior to the HOA Lien foreclosure sale, did the Defendants herein pay any portion of the super-priority HOA Lien, based on 9 months of assessments for common expenses based on the periodic budget adopted by the association which would have become due.

41. Upon information and belief, Defendants had actual and/or constructive notice of the HOA Lien and the HOA Lien foreclosure proceedings.

42. Upon information and belief, Defendants knew or should have known the foreclosure of the HOA Lien, including the super-priority portion of same, would extinguish their respective interests in the Property.

43. Upon information and belief, the HOA conducted the Lien foreclosure action and sale in accordance with NRS 116.3116 through 116.31168, inclusive.

44. That upon information and belief, the successful bid was in excess of the HOA Lien and after satisfying the HOA Lien and the costs associated therewith, and the agent for the

HOA conducting the sale distributed or should have distributed the excess funds to any other lien holders in order of priority and then to the alleged owner in accordance with NRS 116.3114(c).

45. Upon information and belief, after the foreclosure sale concluded the deed transferring title to the Plaintiff made all the necessary recitals, including that all requirements of law were complied with regarding the mailing of copies of notices and the posting and publication of the copies of the Notice of Sale in accordance with NRS 116.31166.

46. That at the conclusion of the HOA Lien foreclosure sale referenced herein, and as a result of the deed transferring title to Plaintiff prepared at the conclusion thereof, the interests of Defendants were extinguished.

47. That NRS 116.31166(3) states when a HOA enforces its Lien by foreclosure sale under Chapter 116 of the Nevada Revised Statutes, the deed prepared at the conclusion of the foreclosure sale vests title in the purchaser without equity or right of redemption of the prior owner(s).

48. That Plaintiff respectfully prays that upon the trial of this cause, this Court to enter a declaratory judgment, declaring the respective rights and obligations of the parties in relation the HOA Lien foreclosure sale and the attendant rights and duties arising therefrom relating to the Property and ownership thereof.

49. Plaintiff has been required to retain an attorney to prosecute this matter and is entitled to an award of reasonable attorney's fees incurred herein.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

50. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

51. That since Plaintiff has taken title to the Property, the Defendants have received, retained or benefited from goods, property, money or other things as hereinabove alleged which have value and rightfully belong to the Plaintiff.

52. That the Defendants have appreciated the use and value or benefit of the goods, property, money or other things as hereinabove alleged which they have retained for themselves, which property belongs to the Plaintiff.

53. That the Defendants have retained the benefits of the goods, property, money or other things as hereinabove alleged which belong to the Plaintiff, without right or claim, and therefore against principals of equity and good conscience.

54. That as a direct and proximate result of the actions of the Defendants as hereinabove alleged, the Defendants have been unjustly enriched, and Plaintiff has been damaged in an amount which is currently unknown, but which will be proved at the trial of this cause, and is in any event in excess of $10,000.

55. Plaintiff has been required to retain an attorney to prosecute this matter and is entitled to an award of reasonable attorney's fees incurred herein.

## THIRD CAUSE OF ACTION
### (Injunctive Relief)

56. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

57. This Court is authorized to issue preliminary and permanent injunctive relief requested under Rule 65 of the Federal Rules of Civil Procedure.

58. The Property involved in this action is real property and is therefore unique and money damages are inadequate to fully compensate Plaintiff.

59. Upon information and belief, Defendants, may still claim an interest in the Property despite the HOA Lien foreclosure action which extinguished the first deed of trust recorded against the Property as well as any prior ownership interests.

60. Any attempt by HUD to take title to the Property by way of foreclosure action, based on the aforementioned deed of trust, would be wrongful and invalid based on the extinguishment of said interest by the HOA Lien foreclosure action.

61. Upon information and belief, HUD, through its agent has already begun or will soon begin a foreclosure action against the Property.

62. Plaintiff will suffer irreparable harm unless the court issues an order restraining or otherwise enjoining the actions of Defendant from beginning, continuing or conducting any action that would adversely affect Plaintiff's ownership interest in or rights to the Property.

63. Any attempt by the non-HUD Defendants to take or retain possession of Property, would be wrongful and invalid based on the extinguishment of said interests by the HOA Lien foreclosure action.

64. The threatened injury to Plaintiff, specifically the loss of ownership or loss of the right to possession or enjoyment of the Property outweighs whatever damage the proposed restraining order and injunction may cause Defendants.

65. The issuance of a temporary restraining order and injunction will not be adverse to the public interest.

66. There is a substantial likelihood that the Plaintiff will prevail on the merits of the underlying claim or this case presents serious issues on the merits which should be the subject of further litigation.

67. Plaintiff has been required to retain an attorney to prosecute this matter and is entitled to an award of reasonable attorney's fees incurred herein.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For an order restraining or otherwise enjoining the actions of Defendants from beginning, continuing or conducting any action that would adversely affect Plaintiff's ownership interest in or rights to the Property.

2. For an order declaring the Plaintiff is the rightful owner of the Property having full title thereto, and that Defendants be declared to have no right, title or interest in the Property, and further quieting title to the Property into the name of Plaintiff.

3. For damages in an amount in excess of $10,000.00.

4. For an award of reasonable attorney's fees and costs.

5. For such other and further relief as to the Court deems just and proper.

DATED this _____ day of November, 2013.

THE DEAN LEGAL GROUP, LTD.

By ___/s/ Aaron R. Dean /s/___
AARON R. DEAN, ESQ.
Nevada Bar #009541
612 S. 10th Street
Las Vegas, Nevada 89101
Tele: (702) 823-1354
Fax: (702) 823-2368
Attorney for *Collegium Fund, LLC*

## VERIFICATION

STATE OF NEVADA     )
                    :ss
COUNTY OF CLARK     )

DWIGHT W. DECKER, being first duly sworn, deposes and says:

That I am the Managing Member of the Plaintiff in the above-entitled matter, Collegium, LLC; that I have read the foregoing AMENDED VERIFIED COMPLAINT and know the contents thereof; that the same is true of my own knowledge except for those matters stated on information and belief and as to those matters, I believe the same to be true.

DWIGHT W. DECKER, Manager
Collegium, LLC

SUBSCRIBED & SWORN to before me this 25th day of November, 2013.

NOTARY PUBLIC

DIANA L. MOWER
Notary Public, State of Nevada
Appointment No. 03-85176-1
My Appt. Expires June 21 2015