# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| COLLEGIUM FUND, LLC,<br><br>              Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, NA, et al.,<br><br>              Defendants. | 2:13-cv-01550-GMN-VCF<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Extend Time for Service of Process. (#41).

Plaintiff seeks an extension of 120 days under FED. R. CIV. P. 4(m) to confirm and effectuate service upon the Defendants in order to give Defendants sufficient time to respond to the request for waiver of service.

**A. Background**

Pursuant to 28 U.S.C. §§ 1441(a)(1) and 1446, this action was removed from the Eighth Judicial District Court, Clark County, Nevada, on August 27, 2013. The Complaint in the matter was filed on August 6, 2013. On September 6, 2013, Summons were issued to Defendants Wells Fargo Bank, NA, Donald R. Kemp, Dorothy L. Kemp, Leona Martin, Rafael Giraldo, Shaun Donovan, and Adele Kadans. (#10). On November 26, 2013, Plaintiff filed its First Amended Complaint. (#23). On December 3, 2013, summons were issued to Leona Martin, Shaun Donovan, Adele Kadans, Donald R. Kemp, Wells Fargo Bank NA, Dorothy L. Kemp, and Rafael Giraldo (hereafter "Defendants"). (#39). On December 4, 2013, Plaintiff filed the instant Motion to Extend Time for Service of Process. (#41).

**B.     Relevant Law**

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss

the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "The 120-day time limit imposed by Rule 4(m) expires 120 days after the first complaint in which the defendant is named..." is filed. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)(emphasis added). The 120–day time limit for service does not restart each time a plaintiff files a new amended complaint. *Id.* The district court may extend time for service of process retroactively after the 120-day service period has expired. See *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003).

**C.  Discussion**

Plaintiff's original complaint was filed on August 6, 2013. (#1). The deadline to effectuate service of process was December 4, 2013. *Id*; Fed. R. Civ. P. 4(m). Although Plaintiff filed the amended complaint (#9) on November 26, 2013, the filing of this amended complaint does not reset the 4(m) deadline for the named Defendants. See *Bolden*, 441 F.3d at 1148. The 4(m) deadline to effectuate service upon the named Defendants is December 4, 2013. Plaintiff states that it has mailed to the Defendants, the Amended Complaint and Summons with a request for waiver of service of process. (#41). The time to effectuate service upon the Defendants has expired, and Plaintiff must make a showing of good cause or excusable neglect in order for the court to extend this deadline for an appropriate period. See Fed. R. Civ. P. 4(m); *Lemoge*, 587 F.3d at 1198; *Mann*, 324 F.3d at 1090 (the court may extend the deadline for service of process retroactively).

Plaintiff asserts that it and the HUD Defendant have begun settlement discussions which would resolve the case without the need of the remaining Defendants having to file a response or appearance in this action. (#41).

The court finds that good cause warrants extending the service of process deadline.

Accordingly and for good cause shown,

IT IS ORDERED that Plaintiff's Motion to Extend Time for Service of Process (#41) is GRANTED.  Plaintiff must file proof of service for Defendants on or before April 3, 2014.

DATED this 6th day of December, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE