UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COLLEGIUM FUND, LLC, SERIES 5, a Nevada limited liability company,<br><br>                Plaintiff,<br>vs.<br><br>WELLS FARGO BANK, N.A.; SHAUN DONOVAN, SECRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; ADELE KADANS; DOROTHY L. KEMP; DONALD R. KEMP; RAFAEL GIRALDO; LEONA MARTIN; and DOES 1 through X inclusive,<br><br>              Defendants. | Case No.: 2:13-cv-01550-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 50) filed by Defendant Shaun Donovan, Secretary of the United States Department of Housing and Urban Development ("HUD"). Plaintiff Collegium Fund, LLC, Series 5 ("Plaintiff") filed a Response (ECF No. 53) and HUD filed a Reply (ECF No. 63). For the reasons discussed below, the Court **GRANTS** the Motion to Dismiss.

I.     <u>**BACKGROUND**</u>

This case arises from the foreclosure sale based on a homeowners association lien recorded against real property located at 324 Wild Plum Lane, Las Vegas, Nevada 89107 ("Property"). (Am. Compl. ¶ 1, 9, ECF No. 23). In January 2005, Defendant Adele Kadans executed a Deed of Trust on the Property in favor of Defendant Wells Fargo Bank, N.A. ("Wells Fargo") as security for a Note in the amount of $400,500.00. (Notice of Removal Ex. B at 33–

41, ECF No. 1-3).[1]  The Deed of Trust was insured by HUD pursuant to the Home Equity Conversion Mortgage program. (*Id.* at 46–48).  On September 3, 2008, Wells Fargo recorded an assignment of the Deed of Trust to HUD. (*Id.* at 43–44).

On October 15, 2012, Promenade at the Meadows Owners' Association ("HOA"), through its agent Nevada Association Services, recorded a Notice of Delinquent Assessment Lien on the Property for $2,693.60. (*Id.* at 53).  On December 21, 2012, the HOA recorded a Notice of Default and Election to Sell, and on June 17, 2013, the HOA recorded a Notice of Foreclosure Sale, setting a sale for July 12, 2013. (*Id.* at 55–59).  Plaintiff purchased the HOA's interest in the Property for $10,600.00 at the HOA's non-judicial foreclosure sale. (*Id.* at 26).

Shortly thereafter, Plaintiff filed an action in state court. (Notice of Removal Ex. A ("Compl."), ECF No. 1-2).  HUD properly removed the case to this Court (Notice of Removal, ECF No. 1), and Plaintiff subsequently filed its Amended Complaint, asserting the following claims: (1) Declaratory Relief: Quiet Title; (2) Unjust Enrichment; and (3) Injunctive Relief (Am. Compl. ¶¶ 30–67, ECF No. 23).[2]  Plaintiff alleges that it is the current owner of the Property and that Plaintiff "t[ook] to title of the Property by way of foreclosure sale based on a homeowners association lien recorded against the Property." (*Id.* ¶¶ 1, 9).

In its Motion to Dismiss, HUD argues that Plaintiff fails to state a claim upon which relief can be granted because federal law protects its first security interest from extinguishment by non-judicial foreclosure. (Mot. to Dismiss 2:9–10, 5:8–11, ECF No. 50).  In its Response, Plaintiff argues that any federal rule adopted should be based on Nevada's state law regarding lien priority. (Response 5:4–28, ECF No. 53).  Plaintiff further asserts that under Nevada law, "HUD's interest was in fact extinguished." (*Id.* 12:25–26).

---

[1] The Court takes judicial notice of Exhibits 2, 4–6, 8–10 of Exhibit B (ECF No. 1-3) of HUD's Petition for Removal. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Each of these documents is publicly recorded in the Clark County Recorder's office.

[2] All of Plaintiff's claims are dependent upon a finding that Plaintiff is the rightful owner of the Property and that Defendants have no right, title, or interest in the Property.

## II. **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the complaint may be considered." *Id*.  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

### III. DISCUSSION

The Property Clause of the Constitution provides that "[t]he Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belong[ing] to the United States..." U.S. Const. art. IV, § 3, cl. 2.  Moreover, property owned by the United States, for reasons of public policy, "cannot be seized by authority of another sovereignty against the consent of the Government." *Armstrong v. United States*, 364 U.S. 40, 43 (1960).  "In this manner, the supremacy clause seeks to avoid the introduction of the disparity, confusion, and conflict which would follow if the Government's general authority is subject to local controls." *Rust v. Johnson*, 597 F.2d 174, 179 (9th Cir. 1979) (citing *United States v. Allegheny County*, 322 U.S. 174, 183 (1944)).  Additionally, "[t]here is no legal basis for finding that the law would be different as against a private individual or company rather than another sovereign." *Sec'y of Hous. & Urban Dev. v. Sky Meadow Asso.*, 117 F.Supp.2d 970, 976 (C.D. Cal. 2000) (citing *Utah Power & Light Co. v. United States*, 243 U.S. 389, 408–09 (1917)).

The term "property" under the Property Clause has been defined to include "all other personal and real property rightfully belonging to the United States." *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 331 (1936).   Additionally, the Ninth Circuit has held that "[n]o basis in law exists for treating mortgage interests … differently from other property of the United States." *Rust*, 597 F.2d at 177.

In *Rust*, the City of Los Angeles sought to enforce its non-judicial foreclosure of property in which the federal government had an interest. 597 F.2d at 176.  The Ninth Circuit held that a mortgage interest retained by the Federal National Mortgage Association was a federal property interest. *Id.* at 179.  In addition, the Circuit held that "[w]e are not concerned with the authority

of the City to make the assessment or with the priority under state law of the street improvement lien. … What we have decided is that under federal law the improvement lien cannot be enforced without protecting the federal interest." *Id.* at 180.  Therefore, the Circuit concluded that "the foreclosure conducted by the City was invalid under the supremacy clause of the United States Constitution." *Id.* at 179.

In this case, HUD had a first security interest in the Property at the time of the HOA's non-judicial foreclosure sale on July 12, 2013. (*See* Notice of Removal Ex. B at 43–44, ECF No. 1-3).  Property owned by HUD is a federal property interest. *See Sky Meadow*, 117 F.Supp.2d at 977, 982 (holding that a homeowners association's non-judicial foreclosure sale of property owned by HUD was void under the Property and Supremacy clauses of the Constitution). Moreover, there is "[n]o basis in law … for treating mortgage interests … differently from other property of the United States." *Rust*, 597 F.2d at 177.  Accordingly, HUD's security interest in the Property is protected under the Property and Supremacy clauses of the Constitution. Consequently, Plaintiff's purchase of the property at the HOA's non-judicial foreclosure sale did not extinguish HUD's interest in the Property.  Therefore, Plaintiff's Complaint fails to state a legally cognizable claim because HUD's protected, federal interest in the Property cannot be extinguished by a non-judicial foreclosure sale conducted by a private entity under state law.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that HUD's Motion to Dismiss (ECF No. 50) is **GRANTED**, and Plaintiff's Amended Complaint (ECF No. 23) is **DISMISSED WITH PREJUDICE**.

**DATED** this 15th day of September, 2014.

_____
Gloria M. Navarro
United States District Judge